UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX COLON, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>               Plaintiff,<br><br>  – against –<br><br>333 J & M FOOD CORP., and LEONEL CRUZ, individually, and MARY ESPINAL CRUZ, individually,<br><br>           Defendants. | **COMPLAINT**<br><br>**Docket No.:** 26-cv-2578<br><br>Jury Trial Demanded |

FELIX COLON ("Plaintiff"), on behalf of himself, individually, and on behalf of all others

similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms

are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and

for his Complaint against 333 J & M FOOD CORP. ("J & M"), and LEONEL CRUZ, individually

("Leonel"), and MARY ESPINAL CRUZ, individually ("Mary"), (together, where appropriate, as

"Defendants"), alleges upon knowledge as to himself and his own actions, and upon information

and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.     This is a civil action for damages and other redress based upon willful violations

that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the

New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit.

12, § 142-2.2; (iii) the NYLL's requirement that employers pay their employees all of their earned

wages in full and without deduction, NYLL § 193; (iv) the NYLL's requirement that employers

pay their employees an additional one hour's pay at the minimum wage rate for those days when

their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants – a New York corporation that operates at least three supermarkets, one in Queens, and two in Brooklyn, and two of its co-owners and day-to-day overseers – from April 2025 to December 2025, as a "jack of all trades," performing the duties of a stock clerk, unloader, delivery worker, and maintenance worker.  As described below, throughout Plaintiff's employment, Defendants willfully failed to pay him all of the overtime wages lawfully due under the FLSA and the NYLL and the regular wages due under the NYLL in full and without deduction, all through the implementation of several unlawful payment schemes.  More specifically, as detailed below, first, Defendants scheduled Plaintiff to work forty-six hours each week, Monday through Saturday, and paid him on an hourly basis at his regular rate for all of those hours that he worked, including the six regularly-scheduled hours that he worked over forty each week.  Moreover, Defendants routinely required Plaintiff to clock in early and/or stay late, typically for a total of fifteen to thirty minutes each day, but Defendants did not pay Plaintiff any wages for that time worked.  Defendants also did not pay Plaintiff when he arrived to work as scheduled only to find the store locked because the assistant manager opening the store was not on time to work.  Because the timeclock was located in the locked store, Plaintiff could not clock in until the assistant manager arrived late and opened the store.  Defendants did not pay Plaintiff for this scheduled work time either.  Defendants also automatically deducted a thirty-minute meal

break from Plaintiff's total hours worked during each shift regardless of whether Plaintiff actually took a break, which he regularly did not, and did not pay Plaintiff at all for this time worked.

3. Additionally, on days when Plaintiff's shift exceeded ten hours from start to finish, which occurred on days when Plaintiff worked a double shift, Defendants did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

4. Defendants further violated the NYLL by failing to furnish Plaintiff with any wage notice at his time of hire, let alone an accurate notice, or with any wage statement on each payday.

5. Defendants paid and treated all of their non-managerial employees in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL and NYCRR limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

3

**JURISDICTION AND VENUE**

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiff performed substantially all of his work for Defendants in this District.

**PARTIES**

10.      At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.      At all relevant times herein, Defendant J & M was and is a New York corporation with its principal place of business located at 333 Seneca Avenue, Ridgewood, New York 11385. It is also registered to receive service of process at that address.

12.      At all relevant times herein, Defendants Leonel and Mary were part owners and Co-Chief Executive Officers and Co-Chief Operational Officers of Defendant J & M.  In this role, Leonel and Mary were together responsible for overseeing all of the day-to-day operations of J & M, including managing all of its employees, determining employees' rates and methods of pay, hours worked, and work locations, distributing work duties, the hiring and firing of employees, and maintaining employment records, including all of those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.  Specifically, Leonel and  Mary together determined Plaintiff's rates and methods of pay, supervised his work, and personally fired Plaintiff.  They also both maintained or should have maintained Plaintiff's employment records.

13.    At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR.  Additionally, at all times relevant to the FLSA, the qualifying annual business of Defendant J & M exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees, buy and sell materials such as food and cooking supplies from vendors in states other than New York, and accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who
> during the applicable FLSA limitations period, performed any work
> for Defendants at any of their grocery stores and who consent to file
> a claim to recover overtime compensation and liquidated damages
> that are legally due to them ("FLSA Plaintiffs").

15.    At all relevant times herein, Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16.     At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial grocery store employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff and FLSA Plaintiffs lodged numerous complaints to Defendant Mary, their direct supervisors in the store, and Defendants' payroll secretary Cecilia, that Defendants were not paying them overtime pay in accordance with the law, but Defendants continued not to pay Plaintiff and FLSA Plaintiffs overtime compensation for all hours worked over forty in a week. Furthermore, Defendants purposefully misclassified Plaintiff and all FLSA Plaintiffs as independent contractors as a ruse to avoid paying them required overtime.  They demonstrated that they knew of the overtime requirements because they did pay overtime on the sole occasions when Plaintiff and FLSA Plaintiffs worked a double shift, but not when he or they otherwise worked over forty hours in a week.

17.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.   The class is so numerous that joinder is impracticable;

    b.  There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.  Claims or defenses of the representative are typical of the class;

    d.  The representative will fairly and adequately protect the class; and

    e.  A class action is superior to other methods of adjudication.

20.  Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial grocery store employees, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

21.  During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

22.  There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendants have properly compensated the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants have failed to pay the Rule 23 Plaintiffs all of their earned wages in full and without deduction; (5) whether Defendants paid an extra hour of pay at minimum wage each time that a Rule 23 Plaintiff worked a shift in one day that exceeded ten hours from beginning to end; (6) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage

notice upon hire that contains the information that NYLL § 195(1) requires; (7) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (8) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs have worked; (9) whether Defendants kept and maintained records with respect to the compensation that they have paid to the Rule 23 Plaintiffs; (10) whether Defendants maintain any defenses, affirmative or otherwise, with respect to the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (12) if so, what constitutes the proper measure of damages.

## Typicality of Claims and/or Defenses

23.    As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees in their grocery stores.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants, yet Defendants have failed to: pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a week; pay them for all hours worked each week in full and without deduction; pay them spread of hours pay when they work a shift that exceeds ten hours from beginning ot end, provide them with an accurate wage notice at the time of hire; and provide them with an accurate wage statement on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, to be paid in full for all wages due each week, to be paid an extra hour at minimum wage when the spread of hours worked in a single day exceeds ten, to be furnished with an accurate

8

wage notice upon hire, and to be furnished with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

### Adequacy

24.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  Defendants did not pay Plaintiff overtime pay for all of his hours worked over forty in a week, did not pay him for all hours worked per week in full and without deduction, did not pay him an extra hour at the minimum wage rate on those days when he worked a shift in excess of ten hours from beginning to end, did not furnish him with an accurate wage notice upon hire, and did not furnish him with an accurate wage statement on each payday, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs.  Plaintiff is no longer employed with Defendants and thus has no fear of retribution for his testimony.  Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

**Superiority**

26.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27.     Any lawsuit brought by any non-managerial grocery store employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

28.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

29.     At all relevant times herein, Defendant J & M was and is a New York corporation that has operated at least three grocery stores:  Associated Supermarket located at 333 Seneca Avenue, Ridgewood, New York 11385; Key Food Fresh Prospect Heights Supermarket located at 492 St. Marks Avenue, Brooklyn, New York 11238; and Shop Fair Foodmarkets located at 385 Broadway, Brooklyn, New York 11211.

30.     At all relevant times herein, Defendants Leonel and Mary were two of Defendant J & M's co-owners and the co-operations managers responsible for managing J & M's grocery stores on a day-to-day basis, including all pertinent personnel-related matters as detailed above.

31.     Plaintiff worked for Defendants at their store in Ridgewood, Associated Supermarket, from April 30, 2025, through December 29, 2025, as a non-managerial grocery store employee, performing several jobs, including that of stock clerk, unloader, maintenance worker, and delivery worker.

32.     In those roles, Plaintiff's primary job duties involved organizing stock, stocking the store's shelves, unloading trucks, maintaining, cleaning, and making repairs in the store, and delivering customers' orders to their local homes.

33.     Throughout Plaintiff's employment, Defendants scheduled Plaintiff to work, and Plaintiff did work, six days per week, from 7:00 a.m. to 3:00 p.m. Monday through Friday, and from 3:00 p.m. to 9:00 p.m. on Saturdays, for a total of forty-six hours per week.

34.     In exchange for each of his regularly scheduled hours, Defendants paid Plaintiff on an hourly basis at the regular rate of $16.50.  Thus, Defendants did not pay Plaintiff at what should have been his overtime rate of $24.75 for the six regularly-scheduled hours that he worked over forty each week.

35.     In addition to those regularly-scheduled hours, Defendants routinely required Plaintiff to start his shift early, at 6:45 a.m., and/or to stay late, sometimes as late as 3:30 p.m., during his weekday shifts.  Defendants did not pay Plaintiff at all for this extra time.

36.     Further, on some occasions, the assistant manager arrived late to work, and no one was there to open the store.  On those occasions, Plaintiff dutifully waited outside for the assistant manager to arrive, and thus was unable to clock in on Defendants' timeclock, which was located inside the store.  Defendants were aware of the assistant managers' late arrivals, yet they refused to pay Plaintiff at all for this time that they required Plaintiff to wait outside.

37.     Defendants also automatically deducted one thirty-minute meal break from Plaintiff's hours worked each shift, regardless of whether Plaintiff actually took such breaks.  In practice, Plaintiff was almost never able to take his meal break due to staffing shortages, which Defendants were aware of, yet they continued to automatically deduct for breaks on those shifts, neglecting to pay Plaintiff at any rate for this time worked.

38.      By way of example only, for the week of June 15 to June 21, 2025, Defendants required Plaintiff to work, and Plaintiff did work, his regular shift of forty-six hours from 7:00 a.m. to 3:00 p.m. Monday through Friday, plus 3:00 p.m. to 9:00 p.m. on Saturday.  But during this week Defendants also required Plaintiff to assist with opening the store fifteen minutes early on four days (Monday through Thursday), and to stay late one-half hour on two days (Monday and Thursday) and one-quarter hour on one day (Tuesday).  Further, Plaintiff was unable to take his half-hour lunch break but was required to work through it on each day of this week.  Thus, Plaintiff's worked hours, recorded on Defendants' timeclock, were as follows:

Sunday, June 15, 2025:  off;

Monday, June 16, 2025: 6:45 a.m. to 3:30 p.m. (8.75 hours);

Tuesday, June 17, 2025: 6:45 a.m. to 3:15 p.m. (8.50 hours);

Wednesday, June 18, 2025: 6:45 a.m. to 3:00 p.m. (8.25 hours);

Thursday, June 19, 2025: 6:45 a.m. to 3:30 p.m. (8.75 hours);

Friday, June 20, 2025: 9:00 a.m. to 3:00 p.m. (8.00 hours); and

Saturday, June 21, 2025: 3:00 p.m. to 9:00 p.m. (6.00 hours).

Accordingly, Plaintiff worked a total of forty-eight and one-quarter hours that week.  Defendants paid Plaintiff for only forty-three hours at his regular rate of $16.50 per hour.  Defendants did not pay Plaintiff at his overtime rate of $24.75 for three of the overtime hours that he worked that week, and did not pay him at all for the five and one-quarter hours that he worked during his lunch breaks, pre-opening, and post-shift.

39.      Additionally, on some instances, Defendants required Plaintiff to work a double shift, spanning thirteen hours in length.  On these occasions, and only these occasions, Defendants paid Plaintiff at the rate of one and one-half times his regular rate, which was $24.75, for the

second shift of five hours that he worked immediately following his regular shift of eight hours. However, Defendants did not pay Plaintiff an additional one hour of pay at the minimum wage rate for these days, even though Plaintiff's shift exceeded ten hours from beginning to end.

40.     Defendants did not provide Plaintiff with any wage notice at his time of hire, let alone a notice that accurately contained, *inter alia*: his regular and overtime rates of pay; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.  This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

41.     Defendants paid Plaintiff on a weekly basis throughout his employment.

42.     On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked and his regular and overtime wages owed.  This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

43.     Defendants have acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

44.     Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

45.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

46.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

48.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

49.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

50.     Defendants willfully violated the FLSA.

51.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

52.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

53.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

14

54.    NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a work week.

55.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

56.    As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

57.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions in Violation of the NYLL*

59.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.    NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances, none of which is applicable here, and even then only upon obtaining that employee's express written consent.

15

61.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

62.     As also described above, Defendants made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action.

63.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to compensation for the amount of money that Defendants unlawfully deducted from their wages.

64.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to recover liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread-of-Hours Requirements*

65.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 652 and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

67.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

68.    As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked days when their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

69.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

70.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

71.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.    NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

73.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

74.    As also described above, Defendants, at the time of hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice, let alone a notice that accurately contained all of the criteria that the NYLL requires.

75.      Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

76.      Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.      NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

78.      As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

79.      As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

80.      Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

81.      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.  A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b.  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.  An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.  Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.  Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.  Designation of Plaintiff and his counsel as collective/class action representatives under the FLSA and the FRCP;

g.  Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between

wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

      h.  Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      i.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      j.  Awarding pre-judgment and post-judgment interest, as provided by law; and

      k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
      April 30, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:   _____
ANTHONY P. CONSIGLIO (AC 3490)
MICHAEL J. BORRELLI (MB 8533)
ALEXANDER T. COLEMAN (AC 8151)

20